MEMORANDUM *
Shawn Jackson appeals his conviction for receipt of child pornography in viola *391 tion of 18 U.S.C. § 2252A(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them only as necessary.
The district court may have abused its discretion by overruling Jackson’s objection at trial to admitting into evidence the still photo images of child pornography found in his computers’ Temporary Internet Files and unallocated space. The government failed to present foundational evidence that Jackson “exercised dominion and control over the images.” United States v. Romm, 455 F.3d 990, 998 (9th Cir.2006); see United States v. Kuchinski, 469 F.3d 853, 863 (9th Cir.2006). However, in view of the properly admitted evidence that Jackson exercised dominion and control over thirteen videos of child pornography, any error was harmless. See United States v. Schales, 546 F.3d 965, 976 (9th Cir.2008) (holding that a district court’s erroneous ruling “will be reversed only if such error more likely than not affected the verdict”).
Additionally, the district court did not abuse its discretion by questioning Agent Weg, and therefore, did not commit judicial misconduct. See Duckett v. Godinez, 67 F.3d 734, 740 (9th Cir.1995) (holding that it “is perfectly appropriate for a judge to take part where necessary to clarify testimony and assist the jury in understanding the evidence”); United States v. Parker, 241 F.3d 1114, 1119 (9th Cir.2001).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *391 by 9th Cir. R. 36-3.